# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60513
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

SOLOMON OGBEMUDIA, also known as Paul Hamilton, also known as Ipaluyi,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petitions for Review of Orders of the
Board of Immigration Appeals
BIA No. A028 582 309

Before WIENER, DENNIS and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Solomon Ogbemudia, a native and citizen of Nigeria, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ"'s) denial of deferral of removal under the Convention Against Torture ("CAT"). He also petitions for review of the BIA's denials of his motion to reopen and his subsequent motion to reopen and reconsider. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

BIA affirmed the IJ's determinations that Ogbemudia was not credible, that he failed to adequately corroborate his claims, and that he was not entitled to relief under the CAT.

When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Here, this court may review the IJ's ruling because the BIA referenced and relied on the IJ's ruling in its decision. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

An immigration court's findings of fact are reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). This court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 536–37. Among the findings of fact that this court reviews for substantial evidence is the conclusion that an alien is not eligible for relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Ogbemudia argues that he was entitled to relief under the CAT for four reasons. His testimony revealed that he had been tortured in the past by state actors or with the acquiescence of state actors due to his homosexuality. Nigeria's new Same-Sex Marriage Prohibition Act criminalized homosexuality. He had provided testimony that a friend had been killed in Nigeria because he was gay. His criminal history has no bearing on his eligibility for relief under the CAT. He also challenges the IJ's determination that his testimony was not credible and was uncorroborated. He argues that his supporting documentary evidence was confiscated during his transfer to the immigration detention center; that the asylum officer failed to write down his statement during his reasonable fear interview that those materials had been confiscated; that,

contrary to the Government's assertion, legal materials other than those relevant to the case had been confiscated as well; and that he was not given proper notice that corroboration was necessary to prove his claim. Additionally, he contends that the IJ wrongfully relied on the Government's assertions that he was not a homosexual; that the IJ did not consider that he discussed the beatings with a psychologist and that the report was made available to him by the detention center only after the hearing; that the IJ wrongfully relied on the Government's statement that he referred to a prior "girlfriend," rather than "gayfriend"; that the immigration officer and asylum officer never asked him about any prior marriages; and that he chose not to include his son on his application for relief because his son was a United States citizen. Even with this evidence, Ogbemudia has failed to show that, under the totality of the circumstances, the evidence is so compelling that no reasonable factfinder could make an adverse credibility determination, conclude that his claim was not adequately corroborated, or decide that he was ineligible for relief under the CAT. *See Wang*, 569 F.3d at 536–38.

Additionally, Ogbemudia has not shown that the BIA abused its discretion in denying his motion to reopen because he has not shown that the BIA erred in determining that the evidence that he provided in support of the motion was previously unavailable and material. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988). Ogbemudia also has not shown that the BIA abused its discretion in denying his motion to reopen or to reconsider the denial of the previous motion to reopen. He has not shown that there was any legal or factual error in the BIA's decision. *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005). Moreover, Ogbemudia does not address the BIA's determination that the second motion to reopen was untimely, was number-barred, and did not demonstrate that sua sponte reopening was warranted.

No. 16-60513

Accordingly, he has abandoned these issues. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Ogbemudia's petitions for review are DENIED. Additionally, his motions to file a supplemental brief and to add issues to the supplemental brief are DENIED.